UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAM JONES,

    Petitioner,

-vs-                                              Case No.  8:16-cv-3235-WFJ-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court is Mr. Jones' Motion for Clarification (Doc. 39) in which he moves the Court to reconsider the denial of his Rule 60(b) motion (See Doc. 38). Mr. Jones' reasserts the same arguments asserted in his prior Rule 60(b) motion: 1) the Court erred in dismissing Grounds I and II as time-barred because he is actually innocent of the crimes for which he was convicted; and 2) the denial of Ground III was obtained by fraud.

Mr. Jones' argument that the Court erred in dismissing Grounds I and II was properly denied because he could have but failed to raise the argument before judgment was entered. *See Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016) ("[A] party may not use Rule 60(b) to raise arguments that could have been raised earlier."). And Mr. Jones has failed to present a colorable claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (To make a credible showing of actual innocence sufficient to overcome a procedural default, a petitioner must present new reliable evidence not presented at trial and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the

1

new evidence."). Finally, Mr. Jones' claim of fraud in his initial 60(b) motion was untimely because it was filed more than one year after judgment was entered. *See Miller v. Rice*, 2006 WL 1883450, at *2 (M.D. Fla. July 7, 2006) ("[M]otions for relief from judgment based upon fraud must be made within one year after the judgment was entered.") (citing Rule 60(b)(3), Fed.R.Civ.P.).

Accordingly, Mr. Jones' Motion for Clarification (Doc. 39) is **DENIED**. And under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**ORDERED** in Tampa, Florida, on March 23, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

<u>Copies to</u>:
Petitioner, *pro se*
Counsel of Record